# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-120 |
| | ) | |
| COUNTY OF EFFINGHAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

This case is one of several that *pro se* plaintiff Anthony Oliver has filed in this Court. One recent case was dismissed with prejudice because of Oliver's persistent failure to abide by the Court's rules, procedures, and orders. *See Oliver v. County of Chatham, et al.*, CV417-101, doc. 189 (Report and Recommendation); doc. 220 (Order adopting recommended filing conditions). Several of the present defendants have moved to dismiss this case because Oliver has not complied with the conditions imposed when that case was dismissed. *See* doc. 12 at 7-8. At the time that defendants made that request, Oliver's appeal of the Order dismissing that case and imposing the special filing conditions was pending. *See* CV417-101, doc. 222 (Notice of Appeal). Recently, the Court of Appeals dismissed that appeal for want of prosecution. CV417-

101, doc. 231 (Mandate). Given the totality of Oliver's conduct, the Court should require that he comply with the previously imposed conditions in this case.[1]

## I.     Oliver's Litigation Conduct

In his recently dismissed case, Oliver sought and received an extension of time to file his objections to the Court's recommendation of dismissal with prejudice and restrictions to be imposed on any future cases he filed. CV417-101, doc. 203. In seeking that extension, he represented to the Court, under penalty of perjury, that such an extension was warranted, among other reasons, because he intended to "fil[e] a Chapter 7 petition with the United States District Court, Southern District Bankruptcy Court." *Id.* at 2. He did not disclose his intention to initiate any other proceeding. *See id.*

Based on those representations, the Court granted him an extension to file his objections. CV417-101, doc. 204. Two weeks after he was granted the extension, he filed a discovery motion, CV417-101, doc. 206, and another document purporting to alter his previously filed

---

[1]     The undersigned is entering a companion Order and Report and Recommendation in CV418-100. There, as here, the Court directs Oliver to explain the discrepancies in his statements concerning his financial situation and recommends imposing conditions on his prosecution of that case.

2

"voluntary dismissal," CV417-101, doc. 208. Almost three more weeks passed before Oliver filed his objection, a day after his extended deadline. *See* CV417-101; doc. 211.

Oliver's difficulty in meeting his extended deadline is explicable, however. He used the time to prepare and file a second complaint against the City of Pooler, seeking recovery for alleged civil rights violations under 42 U.S.C. § 1983. *See Oliver v. City of Pooler, et al.*, CV418-100 (S.D. Ga. May 1, 2018). Despite his protestation in his extension request that he was on the verge of bankruptcy, he paid the Court's full $400 filing fee. *See* CV418-100, doc. 1-2 (receipt). In June, he paid a private process server $104.50 to serve his Complaint upon Governor Nathan Deal in that case. *See id.*, doc. 37 at 14. He also filed this action, alleging civil rights violations by various individuals in Effingham County, Georgia, (including, apparently, every sitting judge in the county). *See* doc. 1 (S.D. Ga. May 23, 2018) (Complaint). Once again, he paid the full filing fee. *See id.* at 30-31 (receipt). In August, he filed another § 1983 action in Chatham County Superior Court, which

defendants removed to this Court. *See Oliver v. Massey, et al.*, CV418-213, doc. 1 (S.D. Ga. Sept. 7, 2018).[2]

Oliver filed another civil action, alleging employment discrimination, in which he sought leave to proceed *in forma pauperis* (IFP). *See Oliver v. Hayley Sheth Investments, L.L.C.*, CV417-152, doc. 1 (Complaint) (S.D. Ga. Aug. 14, 2017); doc. 2 (Motion for Leave to Proceed *in forma pauperis*) (S.D. Ga. Aug. 14, 2017). In his IFP application, he stated, again under penalty of perjury, that his average income for the preceding twelve months was $0.00, he had $46.00 in his checking account, and did not expect any "major changes to [his] monthly income . . . during the next 12 months." CV417-152, doc. 2 at 1-2, 5. That is, perhaps, consistent with his recent protestation that he intended to file

---

[2] It is not clear to the Court whether he paid a fee to file that case, but the notice of removal does not include any indication that he brought it *in forma pauperis*.

In addition to the cases he filed here, in September 2018, he filed a suit against Lyft, Inc., in the Northern District of California. Again, he paid the $400 filing fee. *See Oliver v. Lyft, Inc., et al.*, CV418-270, doc. 1 (S.D. Ga. Sept. 7, 2018) (Complaint). The case was subsequently transferred to this Court. Doc. 35 (Transfer Order). Shortly after the transfer, Oliver filed another Complaint against Lyft, Inc., in the Northern District of California. *See Oliver v. Lyft, Inc.*, CV318-7166, doc. 1 (N.D. Cal. Nov. 26, 2018). Lyft has moved to transfer the case to this Court, alleging that Oliver's filing it in the Northern District is "a naked attempt to evade [this Court's] prior vexatious litigant order." *Id.*, doc. 27 (N.D. Cal. Jan, 14, 2019). Oliver opposes that motion. CV318-7166, doc. 29 (N.D. Cal. Jan. 14, 2019).

4

for bankruptcy protection. It is, however, completely inconsistent with his payment of more than $800.00 in court fees and litigation expenses.

Several of Oliver's filings also demonstrate that his rhetorical impulses continue to overcome his discretion. *See* CV417-101; doc. 166 at 23 (admonishing Oliver that his "hyperbole and outrage have damaged his ability to pursue the justice he claims is the object of his suit."). The present Complaint includes numerous inflammatory accusations, unaccompanied by factual support. *See* doc. 1 at 6, ¶ 21 (referring to Effingham County Victim Assistance Program as a "criminal organization"), ¶ 22 (conclusorily alleging a conspiracy between defendants Field, Oliver's former domestic partner, and Wadrose, director of the Victim Assistance Program, to file false police reports), ¶ 23 (alleging that defendant Field was "able to sucker WADROSE into believing her story to reap the financial benefits," and "got the [Victim's Assistance Program] and WADROSE to pay for her known high profile corrupt attorney," defendant Rafter), 9, ¶ 34 (alleging "Defendants . . . have formed a conspiracy to protect Sheriff McDuffie"); 10, ¶ 42 (suggesting that defendant Field interfered in a state court action to "legitimate [Oliver's] children," by involving "her puppet WADROSE");

11, ¶ 47 (stating his intent to "prove to this Court that FIELD is nothing more than a pathological liar"), 14, ¶ 60 ("Irrespective of any credible evidence, and because Judge PEED, WADROSE, and RAFTER are friends with Sheriff MCDUFFIE, each of the said Defendants, including PEED were confident that they finally got Plaintiff for anything and something."), 16, ¶ 68 ("Acting under the color of state law, FIELD, RAFTER, WADROSE, and the County of Effingham violated Plaintiff's well-established rights that would prevent Plaintiff from being prosecuted twice for the same offense," apparently by making allegedly false reports to law enforcement); 18, ¶ 74 ("Despite conclusive proof that Plaintiff did not stalk his ex-girlfriend, that doesn't matter because the only thing that important in the eyes of each of the Defendants, and Judicial Defendants, is that Plaintiff has filed a lawsuit against Sheriff MCDUFFIE for civil rights violations . . . [s]o, each of the Defendants decided to work together to ensure those lawsuits would go away by framing Plaintiff for multiple crimes that never occurred"); 19, ¶ 78 ("Each of these Defendants utilize inculpatory evidence that was corrupt, and fabricated to arrest, detain and try to convict Mr. Oliver for a crime

that never was committed."). It appears, therefore, that the Court's previous admonitions have had no effect.

This case also reflects Oliver's habit of filing partial dismissals, although here he has styled most "motions" rather than "notices." *See* doc. 16 (requesting dismissal of claims "without prejudice" against defendants Woodrum, Muldrew, Thompson, Peed, Sexton, Lewis, and Effingham County); doc. 38 (requesting dismissal "with prejudice" of claims against defendant LeValley); *see also* doc. 47 (defendant Rafter's request, pursuant to a stipulation, that claims against his client be dismissed), doc. 50 (Oliver's unilateral "withdrawal" of the joint motion). Given the "flurry" of motions, the Court stayed this case, pending the Court's decision on the pending dispositive motions. Doc. 52 at 2-3. Despite the stay, Oliver filed dismissal, again a "notice," of his claims against defendants Effingham County, Deal, Keenan, Lewis, Muldrew, Peed, Rafter, Sexton, The State Bar of Georgia, Thompson, Wadrose, and Woodrum, "without prejudice." Doc. 55. The now-familiar pattern repeats in his other cases. *See* CV418-100, doc. 27 ("motion" to dismiss several defendants and offering to dismiss other defendants, "[i]f the Court grants [his] . . . motion for limited discovery" against them);

7

CV418-213, doc. 7 ("dismissing" claims against defendant Massey, "with prejudice").

His broader litigation record only reinforces the conclusion that Oliver is, to say the least, irresponsible. An exhaustive examination of that litigation, in jurisdictions across the country, would be burdensome. However, in September 2018, the United States District Court for the Central District of California declared Oliver a vexatious litigant. *See Oliver v. Luner*, CV218-2562, doc. 99 (C.D. Cal. Sept. 26, 2018).³ The court noted that "[i]n addition to his numerous actions in state court, [Oliver] has filed at least thirty lawsuits in federal court." *Id.* at 4. It lamented that it "searched in vain for a case in federal court resulting in a verdict on the merits in [Oliver's] favor," but found, instead, warnings to restrain his conduct "on multiple occasions by multiple judges in multiple districts." *Id.* at 7-8. Based on that conduct, the court imposed, what it recognized was "'an extreme remedy that should rarely be

---

³ Although the Court concedes the possibility that other individuals named "Anthony Oliver" may file civil cases, the Central District was sufficiently assured of plaintiff's identity that it cited his previously filed cases in its Order. *See* CV218-2562, doc. 99 at 5. His filings in that case also list his Savannah, Georgia address. *See, e.g.,* CV218-2562, doc. 95 (brief filed by Oliver listing a mailing address in its header). That address corresponds to the address listed as plaintiff's on his Civil Cover Sheet in this case. *See* doc. 1 at 28.

used,'" *id.* at 2 (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)), and required Oliver to "obtain leave of court before filing any additional lawsuits." *Id.* at 9. The Central District's Order makes the burden that Oliver has imposed on the court system clear.

## II. Conditions on further litigation

Oliver's ongoing conduct in his various cases seems explicable only by culpable carelessness or a deliberate attempt to disrupt the efficient disposition of his claims. In either case, it is the sort of behavior that demands response. Accordingly, the Court **RECOMMENDS** that the conditions imposed on Oliver in CV417-101 be imposed in this case as well. Those conditions are:

(1) In addition to paying the Court's filing fee, Oliver must post a $1,000 contempt bond with the Clerk of Court. This bond will be held by the Clerk of Court and, if Plaintiff has conducted the affairs in his case appropriately, the bond will be returned to him at its conclusion;

(2) Plaintiff must file into this case, and attach to any Complaint he files, a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions.

CV417-101, doc. 220 at 2. Oliver is reminded that he remains subject to that Order's requirement that he must attach to any subsequent Complaint he files both a photocopy of the Report and Recommendation, recommending dismissal of CV417-101, and the Order dismissing that case. *See id.* at 2.

Further, he is **DIRECTED** to:

(3) file a response to this Order and Report and Recommendation within 14 days and explain the apparent inconsistencies in his sworn statements concerning his financial condition; and

(4) in any further filing in this case, including the response required above, include the following statement:

"I declare under penalty of perjury under the laws of the United States of America that each fact asserted in the foregoing is true and correct. Executed on (date)."

Finally, given the ambiguous status of Oliver's claims against various defendants resulting from his "dismissals," he must amend his Complaint. Within 30 days, Oliver must file an Amended Complaint

stating any claim he still wishes to pursue. Any defendant named in that Amended Complaint, who has already been served, shall have 21 days to respond. Any new defendant added in the Amended Complaint must be served with process, according to the requirements of the Federal Rules of Civil Procedure.

Given the provisions of this Order and Report and Recommendation, motions to dismiss the original Complaint, both plaintiff's and defendants', are moot. Accordingly, they, and the motions related to them, should be **DENIED**. Docs. 12, 14, 16, 37, 38, 44 & 49. Similarly, the "joint" motion to dismiss and the related motions, docs. 47 & 50, should be **DENIED as moot**. The case shall remain **STAYED** pending the District Judge's action on the above recommendations and Oliver's compliance with the ordered terms. Oliver's motion to extend the time to seek a default judgment against Defendant Field should be **DENIED** as moot.[4] Doc. 57.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C.

---

[4] The Clerk's entry of default against Field shall remain on the docket. Doc. 36. If Oliver complies with the provisions of this Order and any further restrictions imposed by the District Judge, as recommended above, he is free to refile any motion he deems appropriate.

11

§ 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 29th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA